This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

  Plaintiff-Appellee,

v.                                                          **No. A-1-CA-35671**

**CALVIN ETCITTY,**

  Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**John A. Dean, Jr., District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Allison H. Jaramillo, Assistant Public Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VIGIL, Judge.**

{1}     Defendant appeals his conviction for driving while intoxicated (DWI). We issued a notice of proposed summary disposition proposing to affirm on November

13, 2017, and Defendant has responded with a timely memorandum in opposition, which we have duly considered. We remain unpersuaded, and we therefore affirm. However, we remand for correction of a clerical error.

{2} Defendant first continues to argue that the district court violated his right to confrontation by allowing the State to introduce a recording of a 911 call into evidence. [MIO 5-10] "We review de novo a defendant's contention that evidence admitted at trial violates the Confrontation Clause." *State v. Jim*, 2014-NMCA-089, ¶ 16, 332 P.3d 870.

{3} Defendant objected on confrontation grounds to introduction of the 911 recording in which witness Kenneth Kendrick gave a description of the driver of the vehicle. The district court ruled that Defendant's confrontation rights were not implicated by introduction of the recording because Mr. Kendrick was a witness at trial. [RP 70-71] We agree. When a witness testifies at trial and is subject to cross-examination, introduction of the witness's prior statements does not violate the Confrontation Clause. *See State v. Johnson*, 2010-NMSC-016, ¶ 51, 148 N.M. 50, 229 P.3d 523 (holding that the defendant's confrontation rights were not violated by introduction of a recording of a witness's prior statements, despite the district court's finding that the witness was unavailable due to a purported lack of memory, where the witness testified and was cross-examined at trial after the recording was played); *see*

*also Crawford v. Washington*, 541 U.S. 36, 59, n.9 (2004) ("[W]hen the declarant appears for cross-examination at trial, the Confrontation Clause places no constraints at all on the use of his prior testimonial statements."). We therefore reject this assertion of error.

{4} Defendant next argues that the evidence was insufficient to show that he was driving while intoxicated. [MIO 10-15] "In reviewing the sufficiency of the evidence, we must view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. "The reviewing court does not weigh the evidence or substitute its judgment for that of the fact finder as long as there is sufficient evidence to support the verdict." *State v. Mora*, 1997-NMSC-060, ¶ 27, 124 N.M. 346, 950 P.2d 789, *abrogated on other grounds by Kersey v. Hatch*, 2010-NMSC-020, 148 N.M. 381, 237 P.3d 683.

{5} In this case, the State instructed the jury on two alternative theories of DWI: (1) driving with a blood alcohol content (BAC) of .08 or more, and (2) driving while under the influence of intoxicating liquor (impaired to the slightest degree). [RP 95] *See* NMSA 1978, § 66-8-102(B) (2016) (stating that is unlawful for a person who is under the influence of any drug to a degree that renders the person incapable of safely driving a vehicle to drive a vehicle within this state); Section 66-8-102(C)(1) (stating

3

that it is unlawful for a person to drive a vehicle in this state if the person has an alcohol concentration of eight one hundredths or more in the person's blood or breath within three hours of driving the vehicle).

{6} The docketing statement and memorandum in opposition recite that Witness Kenneth Kendrick testified that he was driving when he saw the vehicle next to him run two red lights or stop signs. [DS 3; MIO 2; RP 74] He called 911 and followed the vehicle to a parking lot. [DS 3; MIO 2; RP 74] Mr. Kendrick saw one person exit the driver's side and provided a description of the driver to the 911 operator. [DS 3; MIO 2-3; RP 74] A recording of the 911 call was played to the jury. [RP 74]

{7} Officer Benjamin Jemmett testified that he responded to the parking lot and encountered Defendant, whose clothing matched the description of the driver's clothing given Mr. Kendrick. [DS 4; MIO 3; RP 75-76] Officer Jemmett also determined that Defendant was one of the registered owners of the truck, and Defendant said that the vehicle was his work truck. [RP 76; MIO 3] Officer Jemmett testified that Defendant said he had been parked for an hour and had drunk one hour before driving. [MIO 3] Officer Jemmett observed that Defendant had bloodshot watery eyes, and Defendant refused to perform field sobriety tests (FSTs) or submit to a chemical test of his breath. [MIO 3] Officer Jemmett transported Defendant to the San Juan Regional Medical Center for a blood draw, and Defendant's BAC was 0.24.

[RP 77-78] We believe that, based on this evidence, a reasonable jury could determine that Defendant operated a motor vehicle while intoxicated.

**{8}** Defendant continues to argue that the State's evidence was insufficient to show that he was the driver and that another person drove the truck. [MIO 15] To the extent that Defendant argues that no one identified him in court as the driver, we note that circumstantial evidence is sufficient to show identity. *See State v. McGee*, 2004-NMCA-014, ¶ 10, 135 N.M. 73, 84 P.3d 690 (discussing that circumstantial evidence was sufficient to identify the defendant as the person who made calls to the victim). Evidence that Defendant matched the description of the person seen exiting the driver's side and his refusal to perform FSTs or submit to a chemical test is sufficient to permit the jury to conclude that Defendant was the driver. *See State v. Sanchez*, 2001-NMCA-109, ¶ 9, 131 N.M. 355, 36 P.3d 446 ("The [s]tate can use evidence of a driver's refusal to consent to the field sobriety testing to create an inference of the driver's consciousness of guilt.").

**{9}** Defendant also argues that the evidence was insufficient to show that he was drinking before he got to the parking lot. [MIO 15] However, we believe that the evidence that Defendant ran two stop signs or lights, evidence that he refused to submit to chemical testing or to perform FSTs, and his admission to Officer Jemmett that he drank earlier, is sufficient to show that Defendant drank before driving. *Id.*

{10} Defendant next argues that his right to a speedy trial was violated resulting in the loss of potential witnesses. [MIO16-17] Defendant did not preserve this issue below. [MIO 16] *See See State v. Smith,* 2016-NMSC-007, ¶ 57, 367 P.3d 420 (reviewing an unpreserved speedy trial claim for fundamental error); *see also State v. Rojo*, 1999-NMSC-001, ¶¶ 50-51, 126 N.M. 438, 971 P.2d 829 (holding that when the defendant did not invoke a ruling on whether the State violated his constitutional right to a speedy trial, and the district court did not weigh the *Barker* factors, the argument was not preserved for appellate review). We therefore only review for fundamental error. *See* Rule 12-216(B)(2) NMRA (1993, recompiled and amended as Rule 12-321 NMRA effective Dec. 31, 2016) (providing appellate court discretion, as an exception to the preservation rule, to review questions involving fundamental error). We do not believe that fundamental error occurred in this case. The criminal information was filed on July 17, 2014, and trial commenced on February 18, 2015, seven months later. [RP 1, 69] A delay of seven months does not meet the threshold for presumptive prejudice for any level of case. *See State v. Flores*, 2015-NMCA-081, ¶ 5, 355 P.3d 81 ("A delay of trial of twelve months is presumptively prejudicial in simple cases, fifteen months in intermediate cases, and eighteen months in complex cases."); *see also State v. Loya*, 2011-NMCA-077, ¶ 11, 150 N.M. 373, 258 P.3d 1165 (rejecting the defendant's speedy trial claim when the length of delay was not presumptively

6

prejudicial). We also see no prejudice to Defendant in the delay of seven months. Defendant asserts that an exculpatory witness was lost, but there is nothing in the record to support that assertion. [MIO 17] *See In re Ernesto M., Jr.,* 1996-NMCA-039, ¶ 10, 121 N.M. 562, 915 P.2d 318 ("An assertion of prejudice is not a showing of prejudice."). We therefore find no fundamental error with respect to Defendant's speedy trial claim.

{11} Defendant next argues that he was denied effective assistance of counsel because his attorney: (1) failed to secure the testimony of necessary witnesses, (2) denied him his right to testify on his own behalf, (3) failed to ask question that would have put his identification as the driver of the vehicle in doubt, and (4) failed to file a motion to suppress the blood evidence seized by police. [MIO 18-20] "We review claims of ineffective assistance of counsel de novo." *State v. Garcia*, 2011-NMSC-003, ¶ 33, 149 N.M. 185, 246 P.3d 1057. "To establish a claim of ineffective assistance of counsel, a defendant must show that his or her attorney failed to exercise the skill of a reasonably competent attorney and that the defendant was prejudiced by the failure." *State v. Reyes*, 2002-NMSC-024, ¶ 46, 132 N.M. 576, 52 P.3d 948, *abrogated on other grounds by Allen v. LeMaster*, 2012-NMSC-001, ¶ 36, 267 P.3d 806.

{12} With respect to Defendant's argument that his attorney failed to call witnesses, we note that the decision whether to call a witness is a matter of trial tactics, which we do not second guess on appeal. *See State v. Trujillo*, 2012-NMCA-112, ¶ 47, 289 P.3d 238 (stating that the decision whether to call a witness of a matter of trial tactics and strategy within the control of trial counsel). Additionally, nothing in the record before this Court suggests that these unnamed witnesses had relevant or exculpatory evidence to offer. We therefore hold that Defendant has not shown that he was prejudiced by any failure to call witnesses. *See State v. Hobbs*, 2016-NMCA-006, ¶ 21, 363 P.3d 1259 (rejecting the defendant's argument that he received ineffective assistance of counsel based on the failure to call a witness where there was no evidence in the record that the outcome would have been different if counsel had called the witness).

{13} Additionally, nothing in the record supports Defendant's claim that he was denied his right to testify due to counsel's actions. *See Jim,* 2014-NMCA-089, ¶ 29 (rejecting the defendant's claim that his counsel denied him his right to testify where nothing in the record supported such a claim other than the defendant's assertions). We also reject Defendant's argument that his counsel was ineffective for failing to ask questions that would have put Defendant's identification as the driver in doubt. Although Defendant asserts that defense counsel asked no questions of the only eyewitness, he has not indicated what questions should have been asked or how the

outcome would have been different had the unspecified questions been asked. *See State v. Martinez*, 2007-NMCA-160, ¶¶ 22-24, 143 N.M. 96, 173 P.3d 18 (requiring that an ineffective assistance claim be supported by a showing of how counsel's performance prejudiced the defense). *See generally In re Ernesto M., Jr.,* 1996-NMCA-039, ¶ 10 ("An assertion of prejudice is not a showing of prejudice."); *State v. Ortega*, 2014-NMSC-017, ¶¶ 57, 59, 327 P.3d 1076 (rejecting claims of ineffective assistance of counsel because the arguments were speculative).

**{14}** Finally, we reject Defendant's argument that he received ineffective assistance of counsel because his attorney did not file a motion to suppress the blood evidence seized by police. [MIO 20] In order to show that a failure to file a motion resulted in ineffective assistance of counsel, Defendant "must establish that the facts support the motion to suppress and that a reasonably competent attorney could not have decided that such a motion was unwarranted." *Patterson v. Lemaster*, 2001-NMSC-013, ¶ 19, 130 N.M. 179, 21 P.3d 1032. To determine whether the facts support a motion to suppress, we evaluate the facts present in the record. *See State v. Torres,* 2005-NMCA-070, ¶ 13, 137 N.M. 607, 113 P.3d 877. As discussed above, Officer Jemmett testified at trial that he responded to a 911 report of a driver running two red lights or stop signs. When he responded to the scene where the vehicle was parked, he encountered Defendant whose clothing matched the description of the driver's

clothing given to the 911 operator. [RP 76] Defendant's eyes were bloodshot and watery, and his breath smelled of alcohol. [RP 75-76] Defendant admitted to drinking beer about an hour earlier. [RP 76] Additionally, the vehicle was registered to Defendant, and Defendant told Officer Jemmett that the vehicle was his work vehicle. Defendant also refused to perform FSTs. [RP 76] This evidence established probable cause to arrest Defendant for DWI. *See Sanchez*, 2001-NMCA-109, ¶¶ 8-9 (holding that evidence of a driver's refusal to consent to field sobriety tests, along with other indicators such as odor of alcohol, babbling speech, and an admission to drinking, were sufficient to create an inference of impaired driving for the purpose of establishing probable cause to make an arrest). As a result, we perceive no basis for a suppression motion, and accordingly, counsel's failure to file such a motion cannot be characterized as unreasonable. *State v. Chandler*, 1995-NMCA-033, ¶ 35, 119 N.M. 727, 895 P.2d 249 (stating that trial counsel is not ineffective for failing to make a motion that is not supported by the record).

{15} We therefore hold that Defendant has not made a prima facie showing of ineffective assistance of counsel. *See State v. Jacobs*, 2000-NMSC-026, ¶ 51, 129 N.M. 448, 10 P.3d 127 (stating that failure to prove either prong of the test defeats a claim of ineffective assistance of counsel). "When the record on appeal does not establish a prima facie case of ineffective assistance of counsel, this Court has

10

expressed its preference for resolution of the issue in habeas corpus proceedings over remand for an evidentiary hearing." *State v. Herrera*, 2001-NMCA-073, ¶ 37, 131 N.M. 22, 33 P.3d 22.

{16}    As a final matter, Defendant asks that this Court correct a clerical error in the judgment and sentence. [MIO 23-24] The judgment and sentence recite that Defendant was convicted of aggravated DWI based on refusal to submit to chemical testing. [RP 125] Although the State initially charged Defendant with aggravated DWI, it did not instruct the jury on that offense. [RP 1] Rather, the jury was given UJI 14-4501 NMRA on simple DWI. [RP 95] Accordingly, it is clear that Defendant was convicted of simple DWI, rather than aggravated DWI. We therefore agree with Defendant that the judgment and sentence should be amended to reflect the proper conviction.

{17}    For these reasons, we affirm Defendant's conviction. We also remand to the district court for correction of the judgment and sentence.

{18}    **IT IS SO ORDERED**.

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____
**LINDA M. VANZI, Chief Judge**


_____
**JULIE J. VARGAS, Judge**