Certiorari Denied, June 14, 2011, No. 33,027

IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: 2011-NMCA-077

Filing Date:   May 18, 2011

Docket No.  29,343

STATE OF NEW MEXICO,

 Plaintiff-Appellee,

v.

CARLOS LOYA,

 Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY
Stephen Bridgforth, District Judge

Gary K. King, Attorney General
Anita Carlson, Assistant Attorney General
Santa Fe, NM

for Appellee

Jacqueline L. Cooper, Acting Chief Public Defender
Eleanor Brogan, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## OPINION

BUSTAMANTE, Judge.

{1}     Defendant Carlos Loya appeals from his conviction of felony aggravated DWI in violation of NMSA 1978, Section 66-8-102(D)(3) (2007, prior to amendments through 2010).  Defendant contends that it was error for the district court to try his case after he moved for dismissal based upon a violation of the six-month rule set forth in Rule 5-604

1

NMRA. As of March 23, 2011, a new rule applies to all pending cases. After analyzing the case in light of the new rule, we affirm.

## I.      BACKGROUND

**{2}**      On April 13, 2008, Defendant was pulled over for driving at night without headlights. The responding officer immediately noted a strong odor of alcohol, that Defendant had bloodshot, watery eyes and a flushed face, and that Defendant's speech was slurred. After Defendant failed the field sobriety tests, he was arrested for DWI. Deputy Flores, who was fluent in Spanish, read and explained the implied consent act to Defendant. Defendant then refused to provide a breath sample.

**{3}**      Because Defendant argues that his case should have been dismissed under the six-month rule, we must examine the timing of his case. Defendant was arraigned on April 23, 2008. Subsequently, the State learned that Defendant had at least three prior DWI convictions, making Defendant's DWI charge a felony. Defendant was indicted for the felony DWI on June 12, 2008, and the case in magistrate court was dismissed. On November 10, 2008, Defendant asked the district court to dismiss his case based on a violation of Rule 5-604, the six-month rule. A hearing was held, and though the court never entered a formal order, it did send counsel a letter ruling on the motion. The matter proceeded to trial on January 8, 2009, and a jury found Defendant guilty of aggravated driving while under the influence of intoxicating liquor (refusal).

**{4}**      The State began its opening statement by saying

> Ladies and gentlemen, [thirteen] is seen by some people as an unlucky number. However, on April 13, 2008, it was a very good day for the citizens of Doña Ana County, because [D]efendant in this case was seen driving without his headlights and was pulled over before he could cause any significant harm.

Defendant objected to this statement, and the district court sustained, instructing the State to "restrict your opening statements to what you think the evidence will show." Prior to closing arguments, Defendant requested that the State not make similar remarks during closing. However, despite the fact that this request occurred during a discussion about jury instructions, Defendant did not request any curative instructions for the initial comment. Defendant also did not move for a mistrial.

## II.      DISCUSSION

**{5}** Defendant makes three arguments that he contends require reversal: (1) that his case should have been dismissed pursuant to the six-month rule;[1] (2) that the district court erred by not declaring a mistrial after the initial two sentences of the State's opening statement; and (3) that there was insufficient evidence to support his conviction. We address each argument in turn.

## A. Rule 5-604

**{6}** Defendant first argues that the district court erred in denying his motion to dismiss for violation of the magistrate court's six-month rule. Defendant asserts that his situation is governed by the holding and rationale of *State v. Carreon*, 2006-NMCA-145, 140 N.M. 779, 149 P.3d 95, *abrogated by State v. Savedra*, 2010-NMSC-025, 148 N.M. 301, 236 P.3d 20 and *State v. Yates*, 2008-NMCA-129, 144 N.M. 859, 192 P.3d 1236 (both holding in essence that dismissal of a magistrate court case does not stop the running of the magistrate court's six-month rule when the matter is refiled, unless the State overcomes the presumption that the refiled case is a continuation of the original prosecution). The State counters that (1) Defendant has not developed an adequate record; (2) *Savedra*, 2010-NMSC-025, does not apply because the State brought different charges in district court than it had in magistrate court; and (3) *Carreon*, 2006-NMCA-145, does not apply because of new evidence that the crime charged was a fourth or subsequent DWI and, therefore, a felony that required the State to refile.

**{7}** The law regarding the six-month rule has been in flux during the time this case has been pending. As a result of these changes, the concepts Defendant relies on in his briefing have been vitiated. On May 12, 2010, our Supreme Court issued *Savedra*, which withdrew the six-month rule provisions set forth in Rule 5-604(B)-(E). *Savedra*, 2010-NMSC-025, ¶ 9. Rather than apply a rigid six-month rule, *Savedra* instructed the courts to use the speedy trial factors of *Barker v. Wingo*, 407 U.S. 514 (1972). *See Savedra*, 2010-NMSC-025, ¶ 8; *see also State v. Martinez*, 2011-NMSC-010, ¶ 2, 149 N.M. 370, 249 P.3d 82. On February 25, 2011, the Supreme Court made it clear that the holding in *Savedra* applied to all cases pending in any court in New Mexico. *See Martinez*, 2011-NMSC-010, ¶ 10.

**{8}** Subsequently, the Supreme Court rewrote Rule 5-604 to reflect the holding of *Savedra*. *See* Supreme Court Order No. 11-8300-019 (May 1, 2011). The new Rule 5-604 is entitled "Time of commencement of trial for cases of concurrent trial jurisdiction originally filed in the magistrate, metropolitan, or municipal court." The relevant portions

---

[1]At the time this case was tried, there were two relevant six-month rules: Rule 6-506 NMRA, which applied in the magistrate courts, and Rule 5-604, which applied to the district courts. Although the header in Defendant's brief-in-chief states that the district court incorrectly denied Defendant's motion to dismiss "for violation of the magistrate court six-month rule," the motion he refers to is based on Rule 5-604, the district court's six-month rule.

of the new rule, parts (B) and (C), became effective for all cases pending in any court in New Mexico on March 23, 2011. *See id.* Because this case was pending on or after March 23, 2011, we apply the new rule.

**{9}** However, by its own terms, the new rule does not apply to "cases within the exclusive trial jurisdiction of the district court." Rule 5-604(C)(3). The magistrate court does not have jurisdiction to prosecute felonies. *See* NMSA 1978, § 35-3-4 (1985). Instead, when subsequent information of prior DWI convictions prompts the State to file felony DWI charges in district court, the district court has exclusive jurisdiction. *See State v. Gardea*, 1999-NMCA-116, ¶ 10, 128 N.M. 64, 989 P.2d 439. That is what occurred here. Accordingly, Rule 5-604 does not apply to the instant case.

**{10}** Although the speedy trial issue is no longer governed by court rule, this does not mean that it may not be pursued. The Sixth Amendment provides that in all criminal prosecutions, the accused shall enjoy the right to a speedy trial. U.S. Const. amend. VI. The new rule is careful to emphasize that it does not prohibit defendants from filing motions to dismiss for violations of the right to a speedy trial. *See* Rule 5-604(B). Such a motion would be based on the same factors set forth in the new rule. *Compare State v. Garza*, 2009-NMSC-038, ¶ 13, 146 N.M. 499, 212 P.3d 387 (applying the *Barker* factors to evaluate a speedy trial claim), *with* Rule 5-604(B) (instructing courts to consider the four *Barker* factors, as well as the complexity of the case, to determine whether a defendant's speedy trial right has been violated). Accordingly, we apply the test from *Barker*, which weighs four factors: "(1) the length of delay, (2) the reasons for the delay, (3) the defendant's assertion of his right, and (4) the actual prejudice to the defendant." *Garza*, 2009-NMSC-038, ¶ 13. However, a court is only required to reach this balancing test if "the length of delay is 'presumptively prejudicial.'" *Id.* ¶ 21. For simple cases, a delay of one year is presumptively prejudicial. *Id.* ¶ 48.

**{11}** Because less than a year passed between Defendant's arraignment in magistrate court and his conviction, we need not weigh the *Barker* factors in this case. Defendant was arraigned on April 23, 2008, and tried less than nine months later on January 8, 2009. Since this is less than one year, the delay was not presumptively prejudicial, and Defendant's right to a speedy trial was not violated.

## B.    Prejudicial Statements

**{12}** Defendant next argues that the State "made prejudicial statements concerning drunk drivers during his opening statement" that require this Court to remand for a new trial. The State counters that Defendant's failure to request a curative instruction means that the issue is not preserved. The State also contends that the instruction to the State to limit its opening to what the evidence would show cured any problem, that the single comment was at most an isolated, minor impropriety insufficient to warrant reversal, and that Defendant has not shown he was prejudiced by the statement.

4

**{13}** Our Supreme Court has explained the standard that we apply to prosecutorial misconduct as follows:

> The trial court has broad discretion in controlling the conduct and remedying the errors of counsel during trial. Moreover, the trial court is in the best position to evaluate the significance of any alleged prosecutorial errors. Thus, in reviewing claims of prosecutorial misconduct, we determine whether the trial court abused its discretion by denying a motion for a new trial based upon the prosecutor's conduct, by overruling the defendant's objection to the challenged conduct, or by otherwise failing to control the conduct of counsel during trial. The trial court's determination of these questions will not be disturbed unless its ruling is arbitrary, capricious, or beyond reason. Our ultimate determination of this issue rests on whether the prosecutor's improprieties had such a persuasive and prejudicial effect on the jury's verdict that the defendant was deprived of a fair trial.

*State v. Duffy*, 1998-NMSC-014, ¶ 46, 126 N.M. 132, 967 P.2d 807 (citations omitted). Ordinarily, an isolated, minor statement will not provide grounds for reversal. *See State v. Allen*, 2000-NMSC-002, ¶ 95, 128 N.M. 482, 994 P.2d 728. However, a single statement will require reversal if it is so egregious as to deprive the defendant of a fair trial. *See Duffy*, 1998-NMSC-014, ¶ 47. Additionally, "prosecutorial misconduct will be deemed harmless only if we find that the evidence of guilt is so overwhelming that there can be no reasonable probability that the conviction was swayed by the misconduct." *Id.* ¶ 59.

**{14}** We have previously held that a district court did not abuse its discretion when it denied a motion for mistrial after questionable comments. *See State v. Reynolds*, 111 N.M. 263, 804 P.2d 1082 (Ct. App. 1990). In the opening arguments of *Reynolds*, the prosecutor asserted that the defendant had given the police a "cock-and-bull story." *Id.* at 266, 804 P.2d at 1085. The defendant moved for a mistrial. The district court denied the motion, but instructed the jury that opening statements are not evidence and should not include argument. *See id.* In concluding that the district court had not abused its discretion, this Court noted that declaring a mistrial was only appropriate if the State's comments were "substantially likely to cause a miscarriage of justice." *Id.* This Court also noted that, since the evidence supported the statement that the defendant's story was a "cock-and-bull" story, it would have been proper in closing arguments, and therefore could not have denied the defendant a fair trial. *Id.*

**{15}** We find *Reynolds* analogous to the instant case. As in *Reynolds*, the State here made an ill-advised comment in his opening statement. However, the district court sustained Defendant's timely objection before it became egregious. The State was only allowed to say that the people of the county were fortunate that Defendant was pulled over before he could cause any significant harm. The State did not get a chance to turn this into a prejudicial statement about drunk drivers. The district court's decision to let the State proceed subject to the requirement that he restrict his statements was not arbitrary, capricious, or beyond

reason. As we discuss below, the State went on to put forth evidence sufficient to support Defendant's conviction for aggravated DWI. Accordingly, as in *Reynolds*, the statements could have been considered and addressed in some manner without denying Defendant a fair trial, as the district court had the discretion to consider allowing some version of these statements if they had been made during the State's closing argument. Finally, although no instructions were issued to the jury regarding the objectionable statements, we note that Defendant did not at any point request such instructions. Under these circumstances, we hold that the district court did not abuse its discretion in allowing the trial to proceed after sustaining Defendant's objection. However, we note that the statements came close to improperly appealing to the "passions and prejudices of the jury," and we may have reached a different result had the State been allowed to continue. *State v. Ashley*, 1997-NMSC-049, ¶¶ 15, 21, 124 N.M. 1, 946 P.2d 205.

## C.      Sufficiency of the Evidence

{16}    Finally, Defendant argues that his conviction was not supported by substantial evidence. In particular, Defendant contends that "there was no testimony indicating that the officers had probable cause to believe that he was impaired." "[T]he test to determine the sufficiency of evidence in New Mexico . . . is whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Sutphin*, 107 N.M. 126, 131, 753 P.2d 1314, 1319 (1988). "In reviewing the sufficiency of the evidence, we must view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176.

{17}    In the instant case, the jury found Defendant guilty of aggravated DWI. In order to do so, the jury was required to find

1.      [D]efendant operated a motor vehicle;

2.      At that time, [D]efendant was under the influence of intoxicating liquor; that is, as a result of drinking liquor [D]efendant was less able to the slightest degree, either mentally or physically, or both, to exercise the clear judgment and steady hand necessary to handle a vehicle with safety to the person and the public;

3.      [D]efendant refused to submit to chemical testing;

4.      This happened in New Mexico on or about the 13th day of April, 2008.

The jury was further instructed that Defendant refused to submit to chemical testing if

6

1.  [D]efendant was arrested on reasonable grounds to believe that [D]efendant was driving while under the influence of intoxicating liquor or drugs;

2.  [D]efendant was advised by a law enforcement officer that failure to submit to the test could result in the revocation of [D]efendant's privilege to drive;

3.  A law enforcement officer requested [D]efendant to submit to a chemical breath or blood test;

4.  [D]efendant was conscious and otherwise capable of submitting to a chemical test; and

5.  [D]efendant willfully refused to submit to a breath or blood test.

Defendant concedes all elements of the DWI instruction except for the third: refusal to submit to chemical testing. Regarding refusal to submit to testing, Defendant argues only that "there was no testimony indicating that the officers had probable cause to believe that he was impaired."

{18}    Contrary to Defendant's position, the record provides ample evidence that Defendant "was arrested on reasonable grounds to believe that [he] was driving while under the influence." Officer Ballard testified that he originally pulled Defendant over for driving at night without headlights. When he made contact with the driver, he immediately noticed a strong odor of alcohol and that Defendant had bloodshot, watery eyes, a "very flushed" face, and slurred speech. He also testified that Defendant had admitted to having three beers earlier in the evening. The officer administered field sobriety tests, which Defendant failed. At that point, the officer arrested Defendant.

{19}    The record also contains evidence supporting the other elements of refusal to submit to chemical testing. Deputy Flores testified that he read the implied consent act to Defendant in Spanish. Deputy Flores testified that Defendant said that he understood, but that Defendant repeatedly refused to provide a breath sample. Deputy Flores testified that he then explained to Defendant that refusal to provide a sample could result in loss of driving privileges and increased penalties if convicted of DWI. Deputy Flores then testified that Defendant again said that he understood but continued to refuse to take the chemical test. Viewing this evidence in the light most favorable to the verdict, the jury could reasonably have concluded that the elements of the jury instruction regarding refusal to submit to chemical testing had been proven beyond a reasonable doubt.

III.    CONCLUSION

7

**{20}** For the foregoing reasons, we affirm the district court and remand for further proceedings consistent with this opinion.

**{21}** **IT IS SO ORDERED.**

_____

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____

**RODERICK T. KENNEDY, Judge**

_____

**TIMOTHY L. GARCIA, Judge**

**Topic Index for _State v. Loya_, Docket No. 29,343**

| **CT** | **CONSTITUTIONAL LAW** |
| CT-ST | Speedy Trial |
| | |
| **CL** | **CRIMINAL LAW** |
| CL-DG | Driving While Intoxicated |
| CA-MP | Misconduct by Prosecutor |
| CA-OS | Opening Statement |
| CA-RD | Right to Speedy Trial |
| CA-SP | Speedy Trial |
| CA-SE | Substantial or Sufficient Evidence |
| CA-TL | Time Limitations |
| | |
| **EV** | **EVIDENCE** |
| EV-SS | Substantial or Sufficient Evidence |