This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                    **NO. 31,283**

**JASON HUDSON,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**Steven L. Bell, District Judge**

Gary K. King, Attorney General
William Lazar, Assistant Attorney General
Santa Fe, NM

for Appellee

Jacqueline L. Cooper, Acting Chief Public Defender
Allison H. Jaramillo, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

Defendant appeals his conviction for driving while intoxicated. We issued a second calendar notice proposing partial summary affirmance and partial summary reversal and remand. The State has filed a response indicating that it concurs. Defendant has filed a response indicating that he concurs on reversal and remand, and relies on previous arguments with respect to our proposed partial affirmance. We affirm in part, and reverse and remand in part.

**Independent Blood Test**

Defendant has argued that the officer did not comply with his statutory right to an independent blood test. *See* NMSA 1978, §§ 66-8-109(B) & (E) (1993). [DS 5; MIO 4] We proposed to affirm and Defendant indicates that he continues to rely on previous arguments. We are not persuaded that our second calendar notice was incorrect. *See State v. Ibarra*, 116 N.M. 486, 489, 864 P.2d 302, 305 (Ct. App. 1993) (stating that "[a] party opposing summary disposition is required to come forward and specifically point out errors in fact and/or law").

**Speedy Trial**

Our second calendar notice proposed to reverse and remand the denial of Defendant's motion to dismiss on speedy trial grounds. We did so to provide the district court the opportunity to apply the new district court six-month rule, Rule 5-604 NMRA. The new rule is applicable to this appeal. *See* Rule 5-604(C). For cases

of concurrent jurisdiction originating in a lower court and re-filed in district court, the district court should apply a multi-factor test when the original lower court six-month deadline has expired. *State v. Savedra*, 2010-NMSC-025, ¶ 9, 148 N.M. 301, 236 P.3d 20; *see* Rule 5-604(B). There is no dispute that the present case is a concurrent jurisdiction case that would be subject to the new rule. *Cf. State v. Loya*, 2011-NMCA-077, ¶ 9, 150 N.M. 373, 258 P.3d 1165 (noting that new district court six-month rule is inapplicable to cases where exclusive jurisdiction resides in district court).

The State has filed a response indicating that it concurs with our proposed disposition. As such, we reverse and remand to the district court with instructions to apply the factors set forth in the new district court six-month rule. We affirm in all other respects.

**IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**

_____

**CYNTHIA A. FRY, Judge**