This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                NO.   32,086

**MATTHEW R. WAUNEKA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF McKINLEY COUNTY**
**Louis E. DePauli, Jr., District Judge**

Gary K. King, Attorney General
Albuquerque, NM

for Appellee

Jacqueline L. Cooper, Chief Public Defender
Karl Erich Martell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**KENNEDY, Judge.**

Matthew Wauneka (Defendant) appeals his conviction for DWI (slightest degree). We issued a calendar notice proposing to affirm. Defendant has responded with a memorandum in opposition. Not persuaded, we affirm Defendant's conviction.

**ISSUE A:**

Defendant continues to argue that the six-month rule was violated. [MIO 3] Our Supreme Court has reassessed the six-month rule as it applies in both the district courts and lower courts with a new constitutional-type speedy trial analysis applicable to cases that have been refiled in district court. *State v. Savedra*, 2010-NMSC-025, ¶ 9, 148 N.M. 301, 236 P.3d 20. *Savedra* has now been codified in the form of the new district court six-month rule, Rule 5-604 NMRA. The new rule is applicable to this appeal. *See* Rule 5-604(C). For cases of concurrent jurisdiction originating in a lower court and refiled in district court, the district court should apply a multi-factor test similar to the one discussed in *Savedra* when the original lower court six-month deadline has expired. Rule 5-604(B). There is no dispute that the present case is a concurrent jurisdiction case that would be subject to the new rule. *Cf. State v. Loya*, 2011-NMCA-077, ¶ 9, 150 N.M. 373, 258 P.3d 1165 (noting that new district court six-month rule is inapplicable to cases where exclusive jurisdiction resides in district court), *cert. denied*, 2011-NMCERT-006, 150 N.M. 763, 266 P.3d 632.

In light of *Savedra* and the new Rule 5-604(B), we decline Defendant's continued invitation [MIO 7] to apply a separate "good cause" analysis that delves into the alleged motivation of the prosecutor. As such, Defendant has not shown that the district court erred under the multi-factored Rule 5-604(B) analysis, in light of the fact that there was only a nine-month delay between his arrest and his jury trial in district court. [DS 3; 88] *State v. Garza*, 2009-NMSC-038, ¶¶ 44, 48, 146 N.M. 499, 212 P.3d 387 (holding that the presumptive period for prejudice in a simple case is twelve months).

**ISSUE B:**

Defendant continues to claim that double jeopardy was violated by pursuing the DWI charge in district court after he had resolved the traffic citations in magistrate court. [MIO 4] Monetary penalties have not been regarded as punishment for purposes of double jeopardy, but are traditionally a form of civil remedy. *State v. Kirby*, 2003-NMCA-074, ¶ 31, 133 N.M. 782, 70 P.3d 772. We decline Defendant's invitation to revisit this issue.

**ISSUE C:**

Defendant challenges the district court's comment to defense counsel to "hurry up" during the defense case-in-chief. [MIO 5] Defendant concedes that he did not preserve this issue by way of objection. See *State v. Varela*, 1999-NMSC-045, ¶ 25,

128 N.M. 454, 993 P.2d 1280 (stating that, in order to preserve an issue for appeal, a defendant must make a timely objection that specifically apprises the trial court of the nature of the claimed error and invokes an intelligent ruling thereon).  In light of the court's inherent authority to control the proceedings before it, *see In re Jade G.*, 2001-NMCA-058, ¶ 27, 130 N.M. 687, 30 P.3d 376, we do not interpret the court's comment's to be reversible under fundamental error analysis.  *See State v. Baca*, 1997-NMSC-045, ¶ 41, 124 N.M. 55, 946 P.2d 1066 (observing that "[f]undamental error only applies in exceptional circumstances when guilt is so doubtful that it would shock the judicial conscience to allow the conviction to stand").

**ISSUE D:**

Defendant continues to argue that he was entitled to a jury instruction that indications of impairment on the field sobriety tests were not to be equated with impairment to drive.  [MIO 5]  In support of this claim, Defendant refers us to *State v. Lasworth*, 2002-NMCA-029, 131 N.M. 739, 42 P.3d 844.  However, *Lasworth* was limited to the HGN test.  *Id*. ¶ 14.  In this case, the officer performed multiple field sobriety tests, all of which Defendant performed poorly on and which indicated obvious signs of physical impairment.  [RP 91]  The tape log of the trial indicates that the officer did not testify to the specifics of the HGN test.  [RP 91]  To the extent Defendant was entitled to have the jury instructed that the HGN is not scientifically

4

linked to the ability to drive, as opposed to blood alcohol levels, in light of the other evidence, we believe that the error was harmless.

For the reasons set forth above, we affirm.

**IT IS SO ORDERED.**


_____
**RODERICK T. KENNEDY, Judge**


**WE CONCUR:**


_____
**CELIA FOY CASTILLO, Chief Judge**


_____
**CYNTHIA A. FRY, Judge**