This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

　　　Plaintiff-Appellee,

v.　　　　　　　　　　　　　　　　　　**NO. 33,080**

**JAMES MASTERSON,**

　　　Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Christina P. Argyres, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Santa Fe, NM
Vicki W. Zelle, Assistant Appellate Public Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**ZAMORA, Judge.**

{1} Defendant has appealed his convictions for DWI and failure to maintain lane. We previously issued a notice of proposed summary disposition in which we proposed to uphold the convictions. Defendant has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore affirm.

{2} Because the pertinent background information and applicable principles were previously set out at some length in the notice of proposed summary disposition, we will avoid unnecessary repetition here, and instead focus on the content of the memorandum in opposition.

{3} First, Defendant renews his challenge to the sufficiency of the evidence to support his conviction for failure to maintain lane. [MIO 17-20] The pertinent municipal ordinance provides that "[n]o operator of a vehicle shall fail to keep such vehicle within the boundaries of a marked traffic lane, except when . . . making a lawful turning movement or lawfully changing lanes." [MIO 18] In support of the conviction, the State presented evidence that Sgt. Heh observed Defendant driving westbound on Menaul, straddling the lanes, for ten to fifteen seconds. [DS 4-5; MIO 4, 18] This supplies adequate support for the conviction. Neither the legality of the subsequent U-turn, nor the question of signaling, [MIO 17-19] bear on our assessment. The ten to fifteen seconds during which Sgt. Heh observed Defendant

failing to keep the vehicle within the boundaries of the marked traffic lane, prior to making the U-turn, falls within the plain language of the ordinance. And although we understand Defendant to suggest that he was in "the process of lane change" throughout this time frame, [MIO 19] the district court, as finder of fact, could readily have concluded otherwise. *See generally State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 (observing that the reviewing court must resolve all disputed facts in the State's favor, indulge all reasonable inferences in support of the verdict, and disregard all evidence and inferences to the contrary); *State v. Day*, 2008-NMSC-007, ¶ 15, 143 N.M. 359, 176 P.3d 1091 (observing that "the fact finder is free to reject the defendant's version of the [pertinent] events"). We therefore reject Defendant's first assertion of error.

{4}     Second, Defendant continues to argue that he cured his initial refusal to submit to breath alcohol testing. [MIO 20-23] We remain unpersuaded. Officer McBrayer's testimony that Defendant repeatedly refused to take the test, [DS 12-13; MIO 12] and neither changed his mind nor asked to take the test after the officer started the machine and ran it through a cycle, [DS 13-14; MIO 12-13] is sufficient to establish Defendant's refusal to submit to chemical testing. *See, e.g., State v. Loya*, 2011-NMCA-077, ¶ 19, 150 N.M. 373, 258 P.3d 1165 (upholding the sufficiency of

3

a similar evidentiary showing of refusal to submit to chemical testing). While Defendant continues to assert that he asked if the machine could be restarted, but was informed that it was too late, [DS 14; MIO 13] the district court found Defendant not to be credible. [MIO 16; RP 110] As the finder of fact, the district court was in the best position to assess witness credibility; we cannot second-guess such determinations. *See State v. Nevarez,* 2010-NMCA-049, ¶ 37, 148 N.M. 820, 242 P.3d 387 (observing that "this Court cannot judge the credibility of the witnesses who testified at trial or substitute its judgment for that of the fact finder where substantial evidence supports the outcome"); *State v. Suazo*, 1993-NMCA-039, ¶ 8, 117 N.M. 794, 877 P.2d 1097 (observing that where conflicting evidence concerning a defendant's ability or willingness to comply with sobriety testing is presented, it is for the fact-finder to resolve the conflict; the reviewing court cannot reweigh the evidence), *modified on other grounds*, 1994-NMSC-070, 117 N.M. 785, 877 P.2d 1088. We therefore reject Defendant's argument.

{5}     Third and finally, Defendant renews his challenge to the sufficiency of the evidence to support his conviction for DWI. [MIO 23-24] As previously mentioned the State presented evidence that Sgt. Heh observed Defendant straddling the lanes and executing a wide U-turn. [MIO 4] When he approached Defendant, Sgt. Heh

observed a variety of indicia of intoxication including bloodshot watery eyes, odor of alcohol on Defendant's breath, swaying, and impaired dexterity. [MIO 4-5] At trial Defendant also admitted to having consumed alcohol prior to driving. [MIO 5] Officer McBrayer testified that Defendant failed to satisfactorily perform various aspects of the field sobriety tests, [MIO 7-11] and Defendant showed consciouness of guilt by refusing to submit to breath alcohol testing. [MIO 12,15]This evidence was clearly sufficient to support the conviction. *See, e.g., State v. Soto*, 2007-NMCA-077, ¶ 34, 142 N.M. 32, 162 P.3d 187 (holding that there was sufficient evidence to support a conviction where officers observed the defendant driving, where the defendant admitted to drinking, and where the defendant had bloodshot watery eyes, smelled of alcohol, and slurred speech); *State v. Notah-Hunter*, 2005-NMCA-074, ¶ 24, 137 N.M. 597, 113 P.3d 867 (holding that evidence that a defendant smelled of alcohol, had slurred speech, admitted to drinking alcohol, failed field sobriety tests, and was driving erratically was sufficient to uphold a conviction for driving while intoxicated). In his memorandum in opposition Defendant urges this Court to re-weigh the evidence. [MIO 23-24] This we cannot do. *See generally State v. Nevarez*, 2010-NMCA-049, ¶ 9, 148 N.M. 820, 242 P.3d 387 ("[T]his Court will not re-weigh the credibility of the witnesses at trial or substitute its determination of the facts for

that of the jury as long as there is sufficient evidence to support the verdict."). We therefore reject Defendant's final assertion of error.

{6}     Accordingly, for the reasons stated in our notice of proposed summary disposition and above, we affirm.

{7}     **IT IS SO ORDERED.**


_____
                                        **M. MONICA ZAMORA, Judge**

**WE CONCUR:**


_____
**LINDA M. VANZI, Judge**


_____
**J. MILES HANISEE, Judge**

6