This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38853**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**TOMAS NAJERA,**

Defendant-Appellant.

**APPEAL FROM THE METROPOLITAN COURT OF BERNALILLO COUNTY**
**Sandra Engel, Metropolitan Court Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}** Defendant appeals his conviction for aggravated driving under the influence of intoxicating liquor (DUI). *See* NMSA 1978, § 66-8-102(A) (2016) ("It is unlawful for a person who is under the influence of intoxicating liquor to drive a vehicle within this state."); § 66-8-102(D)(3) (aggravated DUI based on refusing to submit to chemical testing). We issued a notice of proposed summary disposition proposing to affirm, and Defendant has responded with a timely memorandum in opposition, which we have duly considered. We remain unpersuaded, and we therefore affirm.

**{2}**     We have already set out the relevant facts in the notice of proposed summary disposition, and Defendant does not contest the evidence as stated in the proposed notice. [MIO 1-3] We therefore will avoid unnecessary repetition, and refer only to those facts relevant to our analysis.

**{3}**     Defendant continues to argue that the evidence was insufficient to support his conviction for aggravated DWI. [MIO 4-8] "The test for sufficiency of the evidence is whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Duran*, 2006-NMSC-035, ¶ 5, 140 N.M. 94, 140 P.3d 515 (internal quotation marks and citation omitted). We view the evidence "in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. "We will not substitute our judgment for that of the fact[-]finder, nor will we reweigh the evidence." *State v. Trujillo*, 2012-NMCA-092, ¶ 5, 287 P.3d 344.

**{4}**     Defendant continues to argue that there was insufficient evidence to show that his ability to drive was impacted by alcohol consumption. *See State v. Gurule*, 2011-NMCA-042, ¶ 7, 149 N.M. 599, 252 P.3d 823 (providing that in order to convict under Section 66-8-102(A), the state is required to prove that the defendant "was less able to the slightest degree, either mentally or physically, or both, to exercise the clear judgment and steady hand necessary to handle a vehicle with safety to the driver and the public" as a result of drinking alcohol (alteration, internal quotation marks, and citation omitted)). Specifically, Defendant argues that his manner of driving did not indicate that he was affected by alcohol consumption, the officer only observed a few common signs of impairment, and he did not perform "all that poorly" on the field sobriety tests (FSTs), pointing to possible explanations for his performance on the FSTs other than impairment by alcohol. [MIO 3, 5-7] However, in evaluating the sufficiency of the evidence to support a conviction, we do not consider whether the evidence would have supported the opposite result. *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 ("Contrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject [the d]efendant's version of the facts."). Rather, we evaluate the evidence to determine whether is supports the result reached. *See Cunningham*, 2000-NMSC-009, ¶ 26.

**{5}**     Here, there was evidence that Defendant failed to maintain a traffic lane prior to being pulled over. [DS 2; MIO 1] The arresting officer also testified that Defendant had bloodshot, watery eyes and that Defendant admitted to drinking two alcoholic beverages prior to driving. [DS 3; MIO 1] The officer further testified that during the FSTs, Defendant did not touch his heel to his toe once in the first nine steps, stepped off the line several times in the second nine steps, and made an incorrect turn during the "walk-and-turn" test. [DS 3; MIO 1-2] Additionally, Defendant swayed, put his foot down, and was unable to keep his leg elevated to the proper height during the "one-leg-stand" test. [DS 7; MIO 1-2] This evidence is sufficient to establish that Defendant was driving while impaired. *See State v. Neal*, 2008-NMCA-008, ¶ 29, 143 N.M. 341, 176 P.3d 330 (holding that there was sufficient evidence to convict the defendant of DWI when the

officer observed the defendant veer over the shoulder line, the defendant smelled of alcohol and had bloodshot and watery eyes, the defendant admitted to drinking, and the defendant showed signs of intoxication during the FSTs); *see also State v. Notah-Hunter*, 2005-NMCA-074, ¶ 24, 137 N.M. 597, 113 P.3d 867 (holding that evidence that a defendant smelled of alcohol, had slurred speech, admitted to drinking alcohol, failed FSTs, and was driving erratically was sufficient to uphold a conviction for DWI).

**{6}**     Defendant next argues that, because the officer testified that he could not remember if Defendant understood the Implied Consent Act when the officer read it to him, there is a view of the evidence that Defendant's refusal to submit to the breath test was not willful. [MIO7-8] *See* § 66-8-102(D)(3) (defining aggravated DUI as "refusing to submit to chemical testing, as provided for in the Implied Consent Act, and in the judgment of the court, based upon evidence of intoxication presented to the court, the driver was under the influence of intoxicating liquor or drugs"). However, there was also no evidence that Defendant did not understand the Implied Consent Act, and in the absence of such evidence we will not presume a lack of understanding. *See State v. Samora*, 2016-NMSC-031, ¶ 34, 387 P.3d 230 (stating that on review of the sufficiency of the evidence we indulge all reasonable inferences in the evidence in favor of the verdict). The evidence that Defendant refused to submit to chemical testing after the officer read him the Implied Consent Act, coupled with the evidence establishing that he drove while impaired, is sufficient to support his conviction for aggravated DUI. *See State v. Loya*, 2011-NMCA-077, ¶¶ 18-20, 150 N.M. 373, 258 P.3d 1165 (holding that sufficient evidence supported a conviction for aggravated DUI where the defendant drove with bloodshot, watery eyes, had slurred speech and an odor of alcohol, the defendant admitted to drinking, and the defendant refused to submit to chemical testing after being read the Implied Consent Act).

**{7}**     For these reasons, we affirm Defendant's conviction.

**{8}     IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**BRIANA H. ZAMORA, Judge**