This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-37959**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**EDDIE HARRISON NOTAH, JR.,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Karen L. Townsend, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Anne Minard, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kimberly Chavez Cook, Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**IVES, Judge.**

**{1}** Defendant Eddie Harrison Notah, Jr. appeals his conviction for one count of aggravated battery with a deadly weapon, contrary to NMSA 1978, Section 30-3-5(A), (C) (1969), contending that we must reverse his conviction because the district court denied Defendant's motion for a mistrial after a police officer testified that an unspecified person at the crime scene identified Defendant as the suspect. We affirm, concluding that the district court did not abuse its discretion by denying a mistrial on the basis of Defendant's preserved hearsay challenge to the pertinent testimony and that no

fundamental error resulted from the district court's failure to sua sponte order a mistrial because the testimony violated Defendant's rights under the Confrontation Clause.[1]

## DISCUSSION[2]

### I. The District Court Did Not Abuse Its Discretion in Denying Defendant's Mistrial Motion

**{2}** We conclude that the district court's denial of Defendant's mistrial motion does not require reversal. We review a district court's denial of a motion for a mistrial for an abuse of discretion. *State v. Fry*, 2006-NMSC-001, ¶ 52, 138 N.M. 700, 126 P.3d 516. "An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case." *State v. Simonson*, 1983-NMSC-075, ¶ 22, 100 N.M. 297, 669 P.2d 1092. "The power to declare a mistrial should be exercised with the greatest caution." *State v. Smith*, 2016-NMSC-007, ¶ 69, 367 P.3d 420 (alteration, internal quotation marks, and citation omitted). Thus, in entertaining a defendant's mistrial motion, a district court should consider whether steps short of this extreme measure will suffice to "mitigate any possible prejudice" resulting from error in the proceedings. *State v. Gonzales*, 2000-NMSC-028, ¶ 40, 129 N.M. 556, 11 P.3d 131, *overruled on other grounds by State v. Tollardo*, 2012-NMSC-008, ¶ 37 n.6, 275 P.3d 110. The trial court is in the best position to determine the likely impact of any error and the adequacy of available remedies. *See State v. Loya*, 2011-NMCA-077, ¶ 13, 150 N.M. 373, 258 P.3d 1165. When it comes to "inadvertent remarks made by witnesses, generally, the trial court's offer to give a curative instruction, even if refused by the defendant, is sufficient to cure any prejudicial effect." *State v. Samora*, 2013-NMSC-038, ¶ 22, 307 P.3d 328 (internal quotation marks and citation omitted).

**{3}** We conclude that the district court did not abuse its discretion in declining to declare a mistrial because Defendant has failed to show that no other remedy would have cured the potential prejudice arising from the challenged testimony. The testimony was inadvertently elicited by defense counsel, and we presume that a curative instruction would have sufficed to cure any prejudice. Although we acknowledge that the district court did not offer to provide a curative instruction, we decline to hold on the facts of this case that the absence of such an offer rendered the court's refusal to declare a mistrial an abuse of discretion. Because it demonstrates that a district court considered meaningful alternatives to declaring a mistrial, an on-record offer of a curative instruction is helpful to our review of a district court's exercise of its discretion. Here, however, defense counsel queried whether a curative instruction would draw unwanted attention to the challenged testimony immediately after his mistrial motion was denied, and we cannot fault the district court for declining to offer a curative

---

[1]We assume for purposes of our analysis that the challenged testimony was inadmissible under both the rule against hearsay and the Confrontation Clause.

[2]We issue this non-precedential memorandum opinion solely for the benefit of the parties and, given their presumed familiarity with the factual background of this case and the proceedings below, generally limit our discussion of both to the minimum necessary to resolve the fact-bound issues presented by this appeal.

instruction after defense counsel himself indicated doubt that giving one would be a good idea. Technically, "[i]t is the duty of the complaining party to request a curative instruction" if one is desired. *State v. Collins*, 2005-NMCA-044, ¶ 41, 137 N.M. 353, 110 P.3d 1090, *overruled on other grounds by State v. Willie*, 2009-NMSC-037, ¶ 18, 146 N.M. 481, 212 P.3d 369. As we view the record, defense counsel made a calculated decision to leave the pertinent testimony unaddressed when the severe remedy he sought was not forthcoming. We are not persuaded that the district court abused its discretion in declining to grant that remedy merely because later events at trial indicate that this gamble may not have paid off—especially because there is no reason to believe that those events would have occurred had a curative instruction been issued.[3]

## II. Defendant Failed to Preserve His Claim That the Challenged Testimony Was Inadmissible Under the Confrontation Clause, and No Fundamental Error Resulted From the District Court's Failure to Order a Mistrial on That Basis Sua Sponte

{4}     We also reject Defendant's contention that we must reverse because the district court did not order a mistrial on the ground that introduction of the pertinent testimony violated Defendant's rights under the Confrontation Clause. In the first place, Defendant failed to preserve the constitutional claim he now makes on appeal.[4] Notwithstanding the substantial overlap between the values protected by the rule against hearsay and the Confrontation Clause, our Supreme Court's precedent makes clear that a defendant who wishes to preserve a Confrontation Clause issue for appeal must alert the trial court to at least a constitutional basis for the objection, and that the "more desirable approach" is to mention the right of confrontation specifically. *State v. Silva*, 2008-NMSC-051, ¶ 10, 144 N.M. 815, 192 P.3d 1192 (holding that the claimed Confrontation Clause error in the denial of a request for cross-examination about a specific issue is reviewed for fundamental error when a defendant does not alert the district court to a constitutional basis for the request), *unrelated holding clarified by State v. Guerra*, 2012-NMSC-027, ¶ 15, 284 P.3d 1076. *But cf. State v. Martinez*, 2007-NMSC-025, ¶ 25, 141 N.M. 713, 160 P.3d 894 (holding that "[a]lthough the right to confrontation is an element of due process guaranteed by the Fourteenth Amendment," a Confrontation Clause claim was unpreserved where the defense "merely mention[ed] 'due process' "). Here, defense counsel objected to the pertinent testimony only on the ground that the officer had testified to the statement of a witness who "isn't here today."[5] Because binding

---

3We note that Defendant did not seek remedial action by the district court in response to what was, apparently, a vague reference to the challenged testimony by the prosecutor in closing. Nor does the record indicate that Defendant's trial counsel expressed disagreement with the district court's response to the note the jury sent out during its deliberations.

4Though the issue is not briefed, we assume that our review of a trial court's decision to deny a mistrial should be informed by the basis for the objection and motion, both because the nature of the claimed error will inevitably color the court's view of its probable impact on the jury and because some errors, being of a higher magnitude than others, will require reversal upon crossing a lesser threshold of prejudice. *Cf. Tollardo*, 2012-NMSC-008, ¶ 36 (discussing the divergent standards of appellate review applicable to constitutional and non-constitutional errors).

5The State concedes that this was sufficient to invoke a ruling on whether the identification was inadmissible hearsay.

precedent requires us to hold that a constitutional basis for Defendant's mistrial motion was not "apparent from the context" in which it was made, Rule 11-103(A)(1)(b) NMRA, we review the district court's failure to sua sponte consider whether any violation of Defendant's confrontation right necessitated a mistrial only for fundamental error. *Cf. State v. Johnson*, 2010-NMSC-016, ¶ 53, 148 N.M. 50, 229 P.3d 523 (reviewing an issue for fundamental error where the defendant had not moved for a mistrial on that ground during trial).[6]

**{5}** Under fundamental error review, we will reverse a conviction "if an error implicate[s] a fundamental unfairness within the system that would undermine judicial integrity if left unchecked." *State v. Barber*, 2004-NMSC-019, ¶ 18, 135 N.M. 621, 92 P.3d 633 (internal quotation marks and citation omitted). For the same reasons that the district court did not abuse it discretion in denying Defendant's mistrial motion, we cannot conclude that the district court's failure to sua sponte declare a mistrial on the unraised ground that Defendant's right of confrontation had been violated implicates a fundamental unfairness within the system.

**CONCLUSION**

**{6}** We affirm.

**{7}     IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**JANE B. YOHALEM, Judge**

**GERALD E. BACA, Judge**

---

[6]Although he acknowledges that a post-trial motion for a new trial is generally insufficient to preserve issues not raised during trial, Defendant argues that his "contemporaneous mistrial motion" was sufficient to preserve for our review of the denial of that motion the Confrontation Clause argument he later raised in his new trial motion. We disagree. It is well-settled that an issue is not preserved for appeal unless an objection is timely and invokes a ruling on that specific issue. *See State v. Martinez*, 2020-NMCA-043, ¶ 43, 472 P.3d 1241, *cert. denied*, 2020-NMCERT-___ (No. S-1-SC-38355, June 23, 2020). Because the Confrontation Clause issue was not raised during trial, if we were to review the denial of Defendant's post-trial motion, rather than the denial of the motion he made during trial, our standard of review would remain the same: fundamental error. *See State v. Pacheco*, 2007-NMSC-009, ¶¶ 7-8, 141 N.M. 340, 155 P.3d 745.