This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-40475

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**WALTER FISK,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Alisa A. Hart, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**ATTREP, Chief Judge.**

**{1}** Defendant appeals from his bench trial conviction of aggravated driving while intoxicated (DWI), contrary to NMSA 1978, Section 66-8-102(D)(3) (2016). We issued a calendar notice proposing to affirm. Defendant has responded with a memorandum in opposition. We affirm.

**Sufficiency of the Evidence**

**{2}** Defendant's first two issues on appeal may be consolidated as a challenge to the sufficiency of the evidence. [MIO 4] "The test for sufficiency of the evidence is whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilty beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Montoya*, 2015-NMSC-010, ¶ 52, 345 P.3d 1056 (internal quotation marks and citation omitted). The reviewing court "view[s] the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. We disregard all evidence and inferences that support a different result. *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829. Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Salgado*, 1999-NMSC-008, ¶ 25, 126 N.M. 691, 974 P.2d 661 (internal quotation marks and citation omitted), *overruled on other grounds by State v. Martinez*, 2021-NMSC-002, 478 P.3d 880.

**{3}** In this case, to convict for aggravated DWI the State was required, in relevant part, to prove beyond a reasonable doubt that (1) Defendant operated a motor vehicle; (2) Defendant, at that time, was under the influence of intoxicating liquor or drugs; and (3) Defendant refused to submit to chemical testing. *See* UJI 14-4508 NMRA; § 66-8-102(D)(3). In addition, the State had to show: (1) Defendant was arrested on reasonable grounds that he was driving while under the influence of intoxicating liquor; (2) Defendant was advised by a law enforcement officer that failure to submit to the test could result in the revocation of his privilege to drive; (3) a law enforcement officer requested Defendant to submit to a chemical breath test; (4) Defendant was conscious and capable of submitting to a chemical breath test; and (5) Defendant willingly refused to submit to the breath test. UJI 14-4510 NMRA.

**{4}** We conclude that the metropolitan court conviction is supported by sufficient evidence. Specifically, there was testimony that Defendant was driving erratically, smelled of alcohol, had bloodshot watery eyes, admitted drinking, and failed field sobriety tests. [MIO 1-2] In addition, there was testimony that Defendant was read the Implied Consent Act advisory prior to his refusal. [MIO 2] Although the officer also somewhat illogically thereafter stated that Defendant would be charged with DWI if he chose to take the test [MIO 3], we defer to the factfinder's determination that this misstatement did not undermine the clarity of the Implied Consent Act advisory under the circumstances. Specifically, Defendant's refusal after being read the Implied Consent Act was sufficient to support the refusal element, and we do not consider the officer's internally inconsistent statement as sufficient to defeat the correct legal advisory. *See State v. Loya*, 2011-NMCA-077, ¶¶ 18-20, 150 N.M. 373, 258 P.3d 1165 (holding that sufficient evidence supported that the defendant refused to submit to chemical testing after being read the Implied Consent Act). Accordingly, we conclude that the evidence supported Defendant's conviction for aggravated DWI (refusal).

**Warrantless Breath Test**

**{5}** Defendant continues to challenge the constitutionality of requiring him to submit to a warrantless breath test, claiming that the admission of his refusal violated his right to be free from unreasonable searches, and violated his right against self-incrimination. [MIO 13] As we indicated in our calendar notice, our Supreme Court has recognized that a warrantless breath test incident to a lawful DWI arrest is constitutionally permissible, and that consent is still considered implied. *State v. Vargas*, 2017-NMSC-029, ¶ 19, 404 P.3d 416. Likewise, as Defendant acknowledges, our Supreme Court has held that the right of self-incrimination is not violated under these circumstances. [MIO 11-13] *See McKay v. Davis*, 1982-NMSC-122, ¶ 11, 99 N.M. 29, 653 P.2d 860. We therefore decline Defendant's request to reconsider these holdings. *See Alexander v. Delgado*, 1973-NMSC-030, ¶ 8, 84 N.M. 717, 507 P.2d 778 (noting that our Supreme Court precedent controls).

**{6}** For the reasons set forth above, we affirm.

**{7}** **IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Chief Judge**

**WE CONCUR:**

**JANE B. YOHALEM, Judge**

**GERALD E. BACA, Judge**