This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-40907

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**ALONZO RODRIGUEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**Lisa B. Riley, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**HENDERSON, Judge.**

{1}     Defendant appeals his conviction for aggravated driving while under the influence of intoxicating liquor or drugs. *See* NMSA 1978, § 66-8-102 (2016). We issued a calendar notice proposing to affirm. Defendant has filed a memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

{2}     Issue 1: Defendant continues to challenge the sufficiency of the evidence to support his conviction, maintaining that the State failed to prove that he "drove while impaired to the slightest degree." [MIO 4] *See State v. Gurule*, 2011-NMCA-042, ¶ 7,

149 N.M. 599, 252 P.3d 823 (providing that in order to convict under Section 66-8-102(A), the [s]tate is required to prove that the defendant, as a result of drinking alcohol, "was less able to the slightest degree, either mentally or physically, or both, to exercise the clear judgment and steady hand necessary to handle a vehicle with safety to the driver and the public" (internal quotation marks and citation omitted)); *see also* UJI 14-4501 NMRA (providing the elements for driving while under the influence of intoxicating liquor). Specifically, Defendant argues that the officer "did not observe any bad driving," stopped him "solely because he had no illuminated taillights," and that he had no balance or mobility issues when getting out of his truck. [MIO 4-5] However, in evaluating the sufficiency of the evidence to support a conviction, we do not consider whether the evidence would have supported the opposite result. *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 ("Contrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject [the d]efendant's version of the facts."). Rather, we evaluate the evidence to determine whether it supports the result reached. *See State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176.

**{3}**     As we stated in our calendar notice, the State presented evidence that after making contact with Defendant, the officer smelled an odor of alcohol coming from the vehicle, and observed that Defendant had bloodshot, watery eyes. [CN 2; MIO 5] Defendant also admitted to consuming nine beers over a twelve-hour period. [CN 2; MIO 1] In his memorandum in opposition, Defendant added that the officer asked him to perform field sobriety tests, which Defendant declined. [MIO 2] Once at the police station, Sergeant Bird read the Implied Consent Act to Defendant, who refused to submit to a breath test. [MIO 2]

**{4}**     We conclude that this evidence was sufficient to establish that Defendant drove while impaired to the slightest degree by alcohol. *See State v. Loya*, 2011-NMCA-077, ¶¶ 18-20, 150 N.M. 373, 258 P.3d 1165 (holding that sufficient evidence supported a conviction for aggravated DWI where the defendant drove with bloodshot, watery eyes, had slurred speech and an odor of alcohol, the defendant admitted to drinking, and the defendant refused to submit to chemical testing after being read the Implied Consent Act); *State v. Sanchez*, 2001-NMCA-109, ¶¶ 9, 12, 131 N.M. 355, 36 P.3d 446 (holding that there was probable cause to arrest the defendant for DWI where the defendant smelled strongly of alcohol, had bloodshot, watery eyes, and refused to consent to the field sobriety tests); *see also State v. Storey*, 2018-NMCA-009, ¶ 40, 410 P.3d 256 ("New Mexico courts repeatedly have relied on evidence of refusal to consent to breath and blood alcohol tests to support convictions for driving while under the influence of alcohol."); *Sanchez*, 2001-NMCA-109, ¶ 9 ("The State can use evidence of a driver's refusal to consent to the field sobriety testing to create an inference of the driver's consciousness of guilt.").

**{5}**     Issue 2: Defendant continues to argue that the district court abused its discretion when it sentenced him to fifteen days in jail and ordered him to wear a SCRAM bracelet for sixty days. However, in his memorandum in opposition, Defendant "acknowledges that his sentence is a legal one, contemplated under Section[] 66-8-102(E) and [NMSA

1978, Section] 31-20-6 [(2007)]." [MIO 6] Defendant has not provided any new facts, law, or argument to persuade us that our proposed disposition was erroneous. A party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003, *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374; *see also Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). We therefore refer him to our analysis therein.

**{6}** For the reasons stated in our notice of proposed disposition and herein, we affirm Defendant's conviction.

**{7}** **IT IS SO ORDERED.**

**SHAMMARA H. HENDERSON, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**JANE B. YOHALEM, Judge**