This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-41547

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**AUSTIN MURPHY OLDFIELD,**

Defendant-Appellant.

**APPEAL FROM THE METROPOLITAN COURT OF BERNALILLO COUNTY**
Renee Torres, Metropolitan Court Judge

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Crowley & Gribble, P.C.
Joseph J. Gribble
Albuquerque, NM

for Appellant

### MEMORANDUM OPINION

**BOGARDUS, Judge.**

**{1}** Defendant appeals the metropolitan court's judgment and sentence, by which Defendant was found guilty of aggravated driving under the influence of alcohol (DWI) based on his refusal to submit to a breath test. Unpersuaded that Defendant's docketing statement demonstrated error, we issued a notice proposing to summarily affirm Defendant's conviction. Defendant has responded with a memorandum opposing our proposed affirmance. After due consideration, we remain unpersuaded and affirm.

**{2}** Defendant's response maintains that the evidence was insufficient to support his conviction and that it was fundamental error to admit his statements when he was not provided *Miranda* warnings. In response to our proposal to affirm the sufficiency of the evidence, Defendant contends that the district court erred by considering the following evidence as indications of impairment by alcohol: the manner in which Defendant pulled over, the officer's observation that Defendant had bloodshot, watery eyes, Defendant's poor decisions to drive at night with depth perception problems and without insurance or registration documents, and Defendant's refusal to submit to field sobriety tests (FSTs) and a breath test. [MIO 3-5] We are not persuaded that the inferences the district court drew from the evidence were unreasonable, particularly in light of the evidence that Defendant's vehicle smelled strongly of alcohol and Defendant admitting to drinking alcohol five minutes before driving. *See State v. Storey*, 2018-NMCA-009, ¶ 40, 410 P.3d 256 ("New Mexico courts repeatedly have relied on evidence of refusal to consent to breath . . . alcohol tests to support convictions for driving while under the influence of alcohol."); *McKay v. Davis*, 1982-NMSC-122, ¶¶ 3, 14, 16-18, 99 N.M. 29, 653 P.2d 860 (explaining that it is well established that evidence of consciousness of guilt—such as flight, avoiding arrest, and refusing to take a breath test—is admissible and relevant, and nothing in our constitutional, statutory, or relevancy law suggests otherwise); *State v. Sanchez*, 2001-NMCA-109, ¶ 9, 131 N.M. 355, 36 P.3d 446 ("The [s]tate can use evidence of a driver's refusal to consent to the field sobriety testing to create an inference of the driver's consciousness of guilt.").

**{3}** Furthermore, when evidence is "subject to conflicting interpretations and inferences, the trial court as the fact[-]finder [is] empowered to weigh the evidence, determine the credibility of the witnesses, and resolve any conflicts in the evidence." *State v. Goss*, 1991-NMCA-003, ¶ 20, 111 N.M. 530, 807 P.2d 228. On appeal, "we resolve all disputed facts in favor of the [prevailing party], indulge all reasonable inferences in support of the verdict, and disregard all evidence and inferences to the contrary." *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829.

**{4}** We remain persuaded that the evidence was sufficient to support Defendant's conviction for aggravated DWI. *See State v. Loya*, 2011-NMCA-077, ¶¶ 18-20, 150 N.M. 373, 258 P.3d 1165 (holding that sufficient evidence supported a conviction for aggravated DWI where the defendant drove with bloodshot, watery eyes, had slurred speech and an odor of alcohol, the defendant admitted to drinking three hours earlier, and the defendant refused to submit to chemical testing).

**{5}** We are also not persuaded that Defendant has established fundamental error in the admission of Defendant's statements that he asserts were given without *Miranda* warnings. [MIO 6-9] Neither of Defendant's filings in this Court provide us with sufficient information to determine whether his statements resulted from a custodial interrogation and neither filing describes the officer's questions and Defendant's statements in a manner that would allow us to determine whether his right against self-incrimination or any other right was violated. *See State v. Salazar*, 1997-NMSC-044, ¶ 60, 123 N.M. 778, 945 P.2d 996 (noting that *Miranda* holds that the United States Constitution requires advice to an accused that the defendant has the right to remain silent as a

condition of using incriminating statements made by the defendant in a custodial interrogation); *State v. Wilson*, 2007-NMCA-111, ¶ 11, 142 N.M. 737, 169 P.3d 1184 ("[I]n routine traffic stops where the individual is not free to leave but also not 'in custody' pursuant to *Miranda*," the inquiry is "whether a defendant's freedom of action has been restrained to the degree associated with a formal arrest."). Where a party fails to comply with Rule 12-208 NMRA by not providing this Court with all the facts material to the issues raised on appeal, we cannot grant relief on the grounds asserted. *State v. Chamberlain*, 1989-NMCA-082, ¶ 11, 109 N.M. 173, 783 P.2d 483.

**{6}** For the reasons stated above and in our notice, we affirm the metropolitan court's judgment and sentence.

**{7}** **IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**ZACHARY A. IVES, Judge**

**SHAMMARA A. HENDERSON, Judge**