This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41157**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**SHEREA McCLENDON,**

      Defendant-Appellant.

**APPEAL FROM THE METROPOLITAN COURT OF BERNALILLO COUNTY**
**Nina A. Safier, Metropolitan Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Nina Lalevic, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**YOHALEM, Judge.**

**{1}**    Defendant appeals the metropolitan court's judgment and deferred sentence, by which Defendant was found guilty of aggravated DWI (first offense) and ordered to serve one year on supervised probation. We issued a notice proposing to affirm the district court's judgment. Defendant has responded to our notice with a memorandum in opposition. After due consideration, we remain unpersuaded and affirm.

**{2}**    In response to our notice, Defendant continues to challenge the sufficiency of the evidence and points out an alleged factual error contained in this Court's notice. [MIO 4]

*See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 ("A party responding to a summary calendar notice must come forward and specifically point out errors of law and fact."), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. Defendant states that there does not appear to have been any reference to a domestic dispute or Defendant's girlfriend at trial, given that charges related to a domestic dispute were dismissed. [MIO 4] We disagree that no reference to the domestic dispute was made. The docketing statement states that a responding officer "testified that she was responding to a call for service in reference to a possible family dispute" when she flagged down two vehicles, which, as the docketing statement merely implied, included Defendant's vehicle. [DS 2; CN 4] The docketing statement also states that the responding officer testified on cross-examination that she could not determine which party was driving the wrong way in the opposing lane [DS 3], which we presume refers to Defendant and her girlfriend. The docketing statement contained no other information about the relevance of the family dispute and did not even clearly explain that the two vehicles flagged down contained the people involved in the family dispute. Because the family dispute is clearly relevant to Defendant's conviction, being the impetus for the traffic stop at issue, this Court reviewed the record proper for information that might be helpful in understanding the relevant facts. *See* Rule 12-208(D)(3) NMRA (requiring the docketing statement to contain "a concise, accurate statement of the case summarizing all facts material to a consideration of the issues presented"). The record reflects a police report showing that the alleged family dispute involved, among other things, Defendant driving dangerously near her girlfriend who was driving in a separate vehicle. [RP 1] This information is highly relevant to the traffic stop and Defendant's driving-related conviction, and, given the sparse information alluded to in the docketing statement, it was highly likely to have been mentioned by the responding officer who testified. [RP 1, 78] Regardless, even assuming that no additional information beyond the passing suggestion of a dangerous family dispute on the road was provided by the officer at trial, we hold that the evidence of Defendant's intoxication was sufficient to support Defendant's conviction.

**{3}** The evidence showed that after the responding officer stopped Defendant's vehicle, the officers observed the following. Defendant was wearing sunglasses at night; Defendant smelled strongly of alcohol; Defendant had bloodshot, watery eyes behind her sunglasses; Defendant spoke with slow, quiet, slurred speech; Defendant moved with slow, uncoordinated movements; Defendant refused to perform field sobriety tests and refused to take a breath test; and officers found an open container of alcohol in Defendant's vehicle. [DS 2-3; MIO 3-4] Viewing the evidence in the evidence in the light most favorable to the verdict, we conclude this evidence is sufficient to support Defendant's conviction. *See State v. Loya*, 2011-NMCA-077, ¶¶ 18-20, 150 N.M. 373, 258 P.3d 1165 (holding that sufficient evidence supported a conviction for aggravated DWI where the defendant drove with bloodshot, watery eyes, had slurred speech and an odor of alcohol, the defendant admitted to drinking three hours earlier, and the defendant refused to submit to chemical testing after being read the Implied Consent Act); *State v. Storey*, 2018-NMCA-009, ¶ 40, 410 P.3d 256 ("New Mexico courts repeatedly have relied on evidence of refusal to consent to breath . . . tests to support convictions for driving while under the influence of alcohol."); *State v. Soto*, 2007-

NMCA-077, ¶ 34, (holding that the evidence was sufficient to support an aggravated DWI conviction where the defendant refused to consent to blood alcohol testing, had bloodshot, watery eyes, slurred speech, a smell of alcohol on his breath, admitted he had been drinking, and the officers found several open containers of alcohol where he had been drinking), *overruled on other grounds by State v. Tollardo*, 2012-NMSC-008, 275 P.3d 110; *see also State v. Baldwin*, 2001-NMCA-063, ¶ 16, 130 N.M. 705, 30 P.3d 394 (pointing out that a fact-finder can rely on human experience in deciding whether a defendant was under the influence and could drive an automobile in a prudent manner ); *cf. State v. Sanchez*, 2001-NMCA-109, ¶¶ 9, 12, 131 N.M. 355, 36 P.3d 446 (holding that there was probable cause to arrest the defendant for DWI where the defendant smelled strongly of alcohol, had bloodshot, watery eyes, and refused to consent to the field sobriety tests); *id.* ¶ 9 ("The State can use evidence of a driver's refusal to consent to the field sobriety testing to create an inference of the driver's consciousness of guilt.").

**{4}** To the extent Defendant continues to assert that the metropolitan court improperly shifted the burden of proof to Defendant, she, again, does not provide any facts or law that might support this claim. *See State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (stating that we presume correctness in the trial court's rulings and the burden is on the appellant to demonstrate trial court error); *Mondragon*, 1988-NMCA-027, ¶ 10 ("A party responding to a summary calendar notice must come forward and specifically point out errors of law and fact" and "the repetition of earlier arguments does not fulfill this requirement.").

**{5}** Lastly, Defendant's response to our notice continues to maintain that the metropolitan court erred by considering Defendant's refusal to submit to testing. [MIO 4-5] We continue to disagree. As we have stated, New Mexico courts have long held that a fact-finder may reasonably infer consciousness of guilt and fear of the results from a defendant's refusal to take a breath test. *See Storey*, 2018-NMCA-009, ¶ 40 ("New Mexico courts repeatedly have relied on evidence of refusal to consent to breath . . . alcohol tests to support convictions for driving while under the influence of alcohol."); *State v. McKay*, 1982-NMSC-122, ¶¶ 3, 14, 16-18, 99 N.M. 29, 653 P.2d 860 (explaining that it is well-established that evidence of consciousness of guilt—such as flight, avoiding arrest, and refusing to take a breath test—is admissible and relevant, and nothing in our constitutional, statutory, or relevancy law suggests otherwise); *cf. City of Las Cruces v. Carbajal*, 2023-NMCA-036, ¶ 20, 528 P.3d 754 (explaining, "the right against self-incrimination applies to requests for testimonial or communicative evidence and not to requests for physical evidence").

**{6}** For the reasons discussed above, we affirm Defendant's conviction for aggravated DWI.

**{7}** **IT IS SO ORDERED.**

**JANE B. YOHALEM, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Chief Judge**

**KATHERINE A. WRAY, Judge**