This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41457**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**YANA YATSYK,**

Defendant-Appellant.

**APPEAL FROM THE METROPOLITAN COURT OF BERNALILLO COUNTY**
**Nina Safier, Metropolitan Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**ATTREP, Chief Judge.**

**{1}** Defendant appeals from her conviction, after a bench trial, of aggravated driving while under the influence (DWI), first offense, contrary to NMRA 1978, Section 66-8-102 (2016), as set forth in the metropolitan court's judgment and sentence. [RP 53] In this Court's notice of proposed disposition, we proposed summary affirmance. [CN 6-7] Defendant filed a memorandum in opposition, which we have duly considered. Remaining unpersuaded, we affirm.

**{2}**     In her memorandum in opposition, Defendant repeats the presentation of the issues and facts asserted and argued in Defendant's docketing statement. [MIO 3-9] Defendant has not asserted any facts, law, or argument that persuade this Court that our notice of proposed disposition was erroneous. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact," and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.

**{3}**     Defendant's sufficiency argument now relies specifically on an argument that she did not *willfully* refuse to submit to a breath test. [MIO 5-7] Defendant asserts that, although she interacted with the officer in English, her primary languages are Russian and French, and therefore she did not understand what was being asked of her. [MIO 7] As we noted in our calendar notice, Defendant informed the officer that English was not Defendant's primary language, and at trial, the officer acknowledged that she did not seek an interpreter during her interaction with Defendant. [CN 4-5; MIO 7] It was for the finder of fact to resolve any conflicts and determine weight and credibility in the testimony as to Defendant's comprehension; we do not reweigh the evidence, and we may not substitute our judgment for that of the fact-finder, as long as there is sufficient evidence to support the verdict. *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482; *State v. Griffin*, 1993-NMSC-071, ¶ 17, 116 N.M. 689, 866 P.2d 1156. Accordingly, we conclude that the State presented sufficient evidence to show that Defendant willfully refused to take the breath test.

**{4}**     As to Defendant's larger sufficiency of the evidence claim, again, we addressed this in our notice of proposed disposition. [CN 4-5] Viewing the evidence in the light most favorable to the verdict, we conclude the evidence the State presented in this case is sufficient to support Defendant's conviction. *See State v. Loya*, 2011-NMCA-077, ¶¶ 18-20, 150 N.M. 373, 258 P.3d 1165 (holding that sufficient evidence supported a conviction for aggravated DWI where the defendant drove with bloodshot, watery eyes, had slurred speech and an odor of alcohol, the defendant admitted to drinking three hours earlier, and the defendant refused to submit to chemical testing after being read the Implied Consent Act); *State v. Storey*, 2018-NMCA-009, ¶ 40, 410 P.3d 256 ("New Mexico courts repeatedly have relied on evidence of refusal to consent to breath . . . tests to support convictions for driving while under the influence of alcohol."); *State v. Soto*, 2007-NMCA-077, ¶ 34, 142 N.M. 32, 162 P.3d 187 (holding that the evidence was sufficient to support an aggravated DWI conviction where the defendant refused to consent to blood alcohol testing, had bloodshot, watery eyes, slurred speech, a smell of alcohol on his breath, admitted he had been drinking, and the officers found several open containers of alcohol where he had been drinking); *State v. Baldwin*, 2001-NMCA-063, ¶ 16, 130 N.M. 705, 30 P.3d 394 (pointing out that a fact-finder can rely on human experience in deciding whether a defendant was under the influence and could drive an automobile in a prudent manner); *cf. State v. Sanchez*, 2001-NMCA-109, ¶¶ 9, 12, 131

N.M. 355, 36 P.3d 446 (holding that there was probable cause to arrest the defendant for DWI where the defendant smelled strongly of alcohol, had bloodshot, watery eyes, and refused to consent to the field sobriety tests); *id.* ¶ 9 ("The [s]tate can use evidence of a driver's refusal to consent to the field sobriety testing to create an inference of the driver's consciousness of guilt.").

{5} Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm Defendant's conviction.

{6} **IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Chief Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**MEGAN P. DUFFY, Judge**