This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-42610**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**EFRAIN THOMAS ALDANA,**

      Defendant-Appellant.

**APPEAL FROM THE METROPOLITAN COURT OF BERNALILLO COUNTY**
**Vidalia Chavez, Metropolitan Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
MJ Edge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**MEDINA, Chief Judge.**

**{1}** Defendant appeals from his conviction, after a bench trial, of aggravated driving while under the influence, first offense, contrary to NMSA 1978, Section 66-8-102 (2016). [RP 49] In this Court's notice of proposed disposition, we proposed summary affirmance. [CN 5-6] Defendant filed a memorandum in opposition, which we have duly considered. Remaining unpersuaded, we affirm.

**{2}** In his memorandum in opposition, Defendant repeats the presentation of the issues and facts asserted in Defendant's docketing statement. [MIO 1-5] Defendant has

not asserted any facts, law, or argument that persuade this Court that our notice of proposed disposition was erroneous. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.

**{3}**     To the extent that Defendant asks this Court to consider the sufficiency of the evidence differently because Defendant was convicted following a bench trial, as opposed to a jury trial, we note that Defendant has not provided this Court with any legal citation that would support this argument. *State v. Vigil-Giron*, 2014-NMCA-069, ¶ 60, 327 P.3d 1129 ("[A]ppellate courts will not consider an issue if no authority is cited in support of the issue and that, given no cited authority, we assume no such authority exists."). [MIO 5-6] As to Defendant's sufficiency of the evidence claim, we addressed this in our notice of proposed disposition. [CN 2-5] Viewing the evidence in the light most favorable to the verdict, we conclude the evidence the State presented in this case is sufficient to support Defendant's conviction. *See State v. Storey*, 2018-NMCA-009, ¶ 40, 410 P.3d 256 ("New Mexico courts repeatedly have relied on evidence of refusal to consent to breath . . . tests to support convictions for driving while under the influence of alcohol."); *State v. Loya*, 2011-NMCA-077, ¶¶ 18-20, 150 N.M. 373, 258 P.3d 1165 (holding that sufficient evidence supported a conviction for aggravated DWI where the defendant drove with bloodshot, watery eyes, had slurred speech and an odor of alcohol, the defendant admitted to drinking three hours earlier, and the defendant refused to submit to chemical testing after being read the Implied Consent Act); *State v. Soto*, 2007-NMCA-077, ¶ 34, 142 N.M. 32, 162 P.3d 187 (holding that the evidence was sufficient to support an aggravated DWI conviction where the defendant refused to consent to blood alcohol testing, had bloodshot, watery eyes, slurred speech, a smell of alcohol on his breath, admitted he had been drinking, and the officers found several open containers of alcohol where he had been drinking), *overruled on other grounds by State v. Tollardo*, 2012-NMSC-008, 275 P.3d 110; *State v. Baldwin*, 2001-NMCA-063, ¶ 16, 130 N.M. 705, 30 P.3d 394 (pointing out that a fact-finder can rely on human experience in deciding whether a defendant was under the influence and could drive an automobile in a prudent manner ); *cf. State v. Sanchez*, 2001-NMCA-109, ¶¶ 9, 12, 131 N.M. 355, 36 P.3d 446 (holding that there was probable cause to arrest the defendant for DWI where the defendant smelled strongly of alcohol, had bloodshot, watery eyes, and refused to consent to the field sobriety tests); *id.* ¶ 9 ("The State can use evidence of a driver's refusal to consent to the field sobriety testing to create an inference of the driver's consciousness of guilt.").

**{4}**     Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm Defendant's conviction.

**{5}     IT IS SO ORDERED.**

**JACQUELINE R. MEDINA, Chief Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**SHAMMARA H. HENDERSON, Judge**